UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Criminal No.  2:15-cr-00127-JDL |
| ) | |
| **TODD RASBERRY** ) | |

### GOVERNMENT'S POST-HEARING MEMORANDUM ON DEFENDANT'S MOTION TO SUPPRESS

The United States of America, by and through its attorneys, Thomas E. Delahanty II, United States Attorney for the District of Maine, and Julia M. Lipez, Assistant United States Attorney, respectfully submits this Post-Hearing Memorandum in response to Defendant Todd Rasberry's Motion to Suppress (Docket No. 17).  At the suppression hearing in this matter held on October 15, 2015, the Court asked counsel for the government whether law enforcement officers would have been justified in frisking the defendant based on a reasonable articulable suspicion that he was in possession in drugs.  At the hearing, the government indicated that it did not believe that a frisk for evidence during the course of an investigative detention was permissible under prevailing case law, but that it would research the matter further.  After conducting further research, the government is satisfied that a frisk for the purposes of discovering evidence would not have been permissible.

As discussed at the hearing on the motion to suppress, *Terry v. Ohio*, 392 U.S. 1 (1968), permits a police officer who is conducting an investigatory detention of an individual to frisk that individual's outer clothing "where he has reason to believe that he is dealing with an armed and dangerous individual[.]"  *Id*. at 27.  *Terry* does not, however, permit a frisk based on "any need to prevent the disappearance or destruction of evidence of crime," and a *Terry* frisk therefore must be "confined in scope to an intrusion reasonably designed to discover guns, knives, clubs,

or other hidden instruments for the assault of the police officer." *Id*. at 29; *see also Minnesota v. Dickerson*, 508 U.S. 366, 378 (1993) (holding that "officer's continued exploration of [defendant's] pocket [during course of a *Terry* frisk] after having concluded that it contained no weapon" was "the sort of evidentiary search that *Terry* expressly refused to authorize"). For this reason, the government does not argue that the frisk in this case was justified based on a reasonable articulable suspicion that the defendant possessed drugs, but rather, as argued previously, was justified based on a reasonable belief that the defendant was armed and dangerous.

## CONCLUSION

The government hereby incorporates all arguments made in its prior brief and at the hearing on the motion to suppress and respectfully requests that the Court deny the defendant's motion to suppress.

Dated:  October 19, 2015

Thomas E. Delahanty II
United States Attorney

 /s/ Julia M. Lipez
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street Plaza, East Tower
Portland, ME  04101
(207) 780-3257
julia.lipez@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 19, 2015, I electronically filed Government's Post-Hearing Memorandum on Defendant's Motion to Suppress with the Clerk of Court using the CM/ECF system, which will send notifications of such filing to the following:

Robert A. Levine, Esquire
17 South Street
Portland, ME 04101
(207) 871-0036
ralevine@maine.rr.com

                                        Thomas E. Delahanty II
                                        United States Attorney

                                        /s/ Julia M. Lipez
                                        Assistant United States Attorney
                                        U.S. Attorney's Office
                                        100 Middle Street Plaza, East Tower
                                        Portland, ME  04101
                                        (207) 780-3257
                                        julia.lipez@usdoj.gov