UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**UNITED STATES OF AMERICA**

   V.       Docket NO. 15--127--JDL

**TODD RASBERRY**

**SENTENCING MEMORANDUM**

  I. **GENERAL CONSIDERATIONS**

<u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005), <u>Gall v. United States</u>, 128 S. Ct. 596 (2007), <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007), and 18 U.S.C. §3553(a) require the Court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and to impose a sentence which is "sufficient but not greater than necessary" to comply with the enumerated purposes of sentencing. The "sufficient, but not greater than necessary" requirement is often referred to as the "parsimony provision." The parsimony provision is not simply another factor to be considered along with the others set forth in § 3553(a); it actually imposes a separate and independent limit on the sentence a court may impose. See <u>United States v. Denardi</u>, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part) (since § 3553(a) requires the sentence to be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes is reversible, even if within the guideline range). Thus, under § 3553(a), courts are required to impose a sentence below the guideline range if such a sentence would be sufficient to achieve the purposes of sentencing.

Judge Selya, upholding a below guideline sentence, wrote for the First Circuit Court of Appeals that post-*Gall*, "[A] sentencing court "should not consider itself constrained by the guidelines to the extent that there are sound, case-specific reasons for deviating from them. Nor should a sentencing court operate in the belief that substantial variances from the guidelines are always beyond the pale." *United States v. Martin*, 520 F.3d 87 (1st Cir. 2008). The Court may deviate from the guidelines upon a determination that the applicable guidelines do not fit the circumstances of the case before it or if the Court disagrees with the Sentencing Commission policies reflected in that guideline. *Kimbrough*, 128 S. Ct. at 573-74.

At sentencing, district court judges have long expressed their disapproval of the drug trafficking guidelines, as the Commission's own data reveal. In 1996, "there were roughly 39 downward departures for every upward departure in drug trafficking cases." See *United States v. Diaz*, No. 11–CR–00821–2 (JG), 2013 WL 322243 at *8 (E.D.N.Y. 2013). "In 1998, there were roughly 54 downward departures for every upward one; in 2000 the ratio was 68:1; and in 2002 it was 73:1." *Id*. Not surprisingly, post-Booker, "sentences below the Guidelines range remain the rule rather than the exception for drug trafficking cases." *Id*. How far out of line are the drug trafficking ranges? The degree to which sentencing judges vary downward provides a clue. In the period from December 11, 2007 to September 30, 2010, the average reduction from the bottom end of the applicable sentencing range in non- government sponsored below-range sentences was 39 months for crack offenses (32.7% reduction) and 27 months for

2

cocaine and heroin offenses (respectively, 33.7% and 37.2% reductions). *Id.* Applying those statistics to Marco Gordon, a 39 month variance from the *low-end* of his proposed guidelines would result in a sentence length far more in accord with principles of a just and individually appropriate sentence.  However, if the application of guideline enhancements were to drive Defendant's advisory guideline range toward the 188 month calculation, a variance higher than the average would be more appropriate in that circumstance.

Deterrence is a factor to be considered in relation to the public at large as well as a factor specific to Defendant.   Defendant understands that, under § 3553(a)(2), the Court is under an obligation to deter him from any further criminal activity, but to also promote respect, provide just punishment, and to provide any needed educational or vocational training, medical care, or other correctional treatment . He also understands that these factors will weigh heavily in the Court's determination of a sufficient sentence.  However, a substantially-below guideline sentence followed by supervised release will provide a proportionate and sufficient sentence.  Defendant in particular points to the statements by the Probation Officer in Paragraph 75 of the Pre-Sentence Report relative to extraordinary factors in Defendant's life which have contributed to the path he has been on and which justify the Court's consideration relative to a substantial variance from the Guideline range.

## II. Criminal History

The only remaining objection relating to Criminal History relates to Paragraph 33, which involves a possession charge out of the State of New York. Defendant recognizes that based upon the documentary evidence provided he facially fits within the convictions counted for 1 point under the Sentencing Guidelines in that the conviction was within ten years of the date of the instant offense, 4A1.1(c) and that the diversionary disposition seems to involve an admission of guilt in a judicial proceeding, 4A1.2(f).  However, it is Defendant's recollection that the conviction in this case was to be fully discharged, resulting in no conviction at all.  Further,  Defendant notes that the record is unclear as to whether he was represented by counsel, although there is some reference in the document that he asserted, to some one at some time, that he had counsel.  However, Defendant resolved the case on the day following the arrest when he would have had no counsel or at best perfunctory representation.  The nature of the judicial proceeding is also somewhat unclear from the documentary evidence.  While within ten years, in fact this is true by a mere period of six days. The sentence was a brief period of community service, which later seemed to be amended to time-served.  Defendant argues that under all these circumstances it is unfair to count this conviction, or if it is counted then it leads to the conclusion that Defendant's Criminal History Category(V) over-represents his actual record and that he should be considered a Category IV.

Dated: November 30, 2016

                                              s/s william maselli

                                              William Maselli
                                              Attorney for Defendant
                                              120 Exchange Street
                                              Portland, Maine 04101
                                              207-780-8400

## CERTIFICATE OF SERVICE

I hereby declare that I have today filed this Sentencing Memorandum in the above case using ECF system which shall send notification of such filing to the United States Attorney and all other parties.

Dated: November 30, 2016

                                              s/s william maselli

                                              William Maselli
                                              Attorney for Defendant
                                              120 Exchange Street 6th Floor
                                              Portland, Maine 04101
                                              207-780-8400