1

UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

_____

UNITED STATES OF AMERICA,       CRIMINAL ACTION

           Plaintiff,       Docket No:   15-mj-140-JHR

    -versus-

TODD RASBERRY,

           Defendant.

_____


Transcript of Proceedings

    Pursuant to notice, the above-entitled matter came on for **Initial Appearance** held before **THE HONORABLE JOHN H. RICH III**, United States Magistate Judge, in the United States District Court, Edward T. Gignoux Courthouse, 156 Federal Street, Portland, Maine, on the 16th day of July, 2015, at 3:20 p.m. as follows:


Appearances:

For the Government:     Julia M. Lipez, Esquire
                           Assistant United States Attorney

For the Defendant:      Robert A. Levine, Esquire


                 Tammy L. Martell, RPR, CRR
                  Official Court Reporter

            FTR Operator:  Nicholas Gordon


(Prepared from FTR and computer-aided transcription.)

1         (Open Court.  Defendant Present.)
2              THE COURT:  Good afternoon, counsel.
3              MS. LIPEZ:  Afternoon, Your Honor.
4              MR. LEVINE:  Good afternoon.
5              THE COURT:  Ms. Lipez, please call the
6    Government's next matter for the record.
7              MS. LIPEZ:  This is United States versus Todd
8    Rasberry.  Case No. 15-mj-140-JHR.  This matter before the
9    Court is for an initial appearance.  Julia Lipez appearing
10   for the United States.  The defendant is present in the
11   courtroom along with Attorney Robert Levine.  The date of
12   arrest, Your Honor, was yesterday, July 15.
13             THE COURT:  Very well.  Thank you very much.  And
14   good afternoon again, Mr. Levine.
15             MR. LEVINE:  Good afternoon, Your Honor.
16             THE COURT:  Mr. Levine, first of all, with regard
17   to Mr. Rasberry's date of arrest does the defense agree
18   that yesterday is the correct date?
19             MR. LEVINE:  Yes.
20             THE COURT:  And have you also received a copy of
21   both the complaint and the supporting affidavit of Special
22   Agent Wolf in this matter?
23             MR. LEVINE:  Yes.
24             THE COURT:  And had a chance to review it with
25   Mr. Rasberry?

1       MR. LEVINE: Yes. Except page two was missing,
2  so I just got page two and haven't yet gone over that with
3  him, but he reviewed this.
4       THE COURT: Okay. Do you need more time?
5       MR. LEVINE: No, Your Honor.
6       THE COURT: All right. Very well. In that case,
7  Mr. Rasberry, if you would stand, please.
8       Mr. Rasberry, let me explain to you why you are in
9  court this afternoon. You are here for what is known in
10 federal court as your initial appearance. The purpose of
11 any initial appearance is threefold. First, I will explain
12 to you the charges against you contained in a complaint
13 that has been filed with this court. The complaint is
14 supported by a supporting affidavit that has been sworn to
15 by Special Agent Paul Wolf of the United States DEA who is
16 present in the courtroom this afternoon. I will also
17 explain to you the penalties that you face in connection
18 with the charges against you should you be convicted of one
19 or both of them. Secondly, I will explain to you your
20 rights. That's a very important aspect of every initial
21 appearance in federal court. And, thirdly, I will explain
22 to you the circumstances under which you may be entitled to
23 be released prior to your trial in this case.
24      It will not be the purpose of the hearing this
25 afternoon for me to take your plea in this matter. In

1  other words, there will not be an arraignment this
2  afternoon.  And, of course, it is also not the purpose of
3  any initial appearance, and not the purpose of this initial
4  appearance, to attempt in any way to determine your guilt
5  or your innocence in connection with the charges against
6  you.  That matter is a matter that's reserved for trial.
7       Turning to the charges against you, as mentioned, the
8  criminal complaint in this matter does charge you with two
9  alleged offenses.  First in Count 1 with possession with
10 intent to distribute a mixture of substance containing
11 cocaine in violation of Section 841(a)(1) of Title 21 of
12 the United States Code, and in Count 2 with possession with
13 intent to distribute a mixture or substance containing
14 heroin in violation of the same section of the same title.
15      The penalties that you face in connection with the
16 charges against you as to each count, Counts 1 and 2,
17 should you be convicted of one or both of them, would be a
18 term of imprisonment of up to 20 years, a fine of up to $1
19 million, or both, and a term of supervised release as to
20 each count of at least three years and not more than life.
21      Additionally, for any violation of supervised release,
22 should there be a violation of supervised release in the
23 future, the maximum term of imprisonment that you would
24 face as to each count would be two years, and the maximum
25 additional term of supervised release that you would face

1     as to each count would be life less any period of
2     imprisonment that might be imposed by the Court upon
3     revocation of your supervised release.
4          Also, Mr. Rasberry, should you be convicted of one or
5     both of the counts against you, you would be assessed a
6     special felony assessment of $100 per count or a maximum of
7     $200 in this case since, again, as I mentioned, the
8     charging document, the criminal complaint in this matter,
9     contains two counts.
10         The criminal complaint in this case does have
11    submitted with it, and submitted in support thereof, an
12    affidavit that has been sworn to by Special Agent Paul Wolf
13    of the United States Drug Enforcement Administration.  That
14    affidavit consists of six pages and 19 numbered paragraphs
15    and sets forth specific facts by which the Government would
16    contend that there is probable cause to believe that you
17    have committed the offenses with which you have been
18    charged.
19         Turning to your rights, Mr. Rasberry, first you have
20    the right to remain silent.  You are not required to say
21    anything; but anything that you do say, including anything
22    you may say to a judge in court, can be used against you.
23    If you have made a statement previously, you need say no
24    more.  If you start to make a statement, you may stop at
25    any time.  The important point for you to remember is that

1       anything that you do say can be used against you.
2             Another right that you have, sir, is the right to be
3       represented by an attorney at every step of this case.
4       Now, you do have the right at all times to hire an attorney
5       of your own choosing should you be able to afford to do so;
6       but you also have the right at all times if you are not
7       able to hire an attorney, including of course right now,
8       and the Court is satisfied that you are financially unable
9       to do so, to have the Court appoint an attorney for you.
10      And that will be at no cost to you.
11            Do you understand your right to be represented by a
12      lawyer in this case?
13                  THE DEFENDANT:  Yes.
14                  THE COURT:  And can you afford to hire a lawyer
15      at this time?
16                  THE DEFENDANT:  No, I can't.
17                  THE COURT:  Have you spoken to Attorney Levine,
18      who is standing next to you, about this matter?
19                  THE DEFENDANT:  Yes, I have.
20                  THE COURT:  Thank you, sir.  And are you
21      requesting that I appoint Robert Levine, Esquire, as your
22      lawyer in this case?
23                  THE DEFENDANT:  Yes.
24                  THE COURT:  All right.  Thank you, sir.
25      Mr. Rasberry, as I am sure you know, before I can appoint

1      Mr. Levine as your -- or any other lawyer, for that matter,
2      as your court-appointed lawyer in this case I am required
3      under the law to satisfy myself, on behalf of the court,
4      that you are, in fact, financially eligible for a
5      court-appointed lawyer.  And a financial declaration has
6      been prepared; I am holding it up at this time.  What I am
7      holding up has your name and the name of your case on the
8      first page, has what appears to be your signature on the
9      back.
10              For the record, Mr. Rasberry, can you confirm that
11     what I am holding up is your financial declaration?
12             THE DEFENDANT:  Yes.
13             THE COURT:  And is the signature on the back your
14     signature?
15             THE DEFENDANT:  Yes.
16             THE COURT:  Is this declaration both complete and
17     also accurate?
18             THE DEFENDANT:  Yes.
19             THE COURT:  And to the best of your knowledge do
20     you swear to the truth of the information in this document?
21             THE DEFENDANT:  Yes.
22             THE COURT:  All right.  Thank you, sir.  And you
23     were last working back in approximately 2004 in
24     construction; is that correct?
25             THE DEFENDANT:  Yes.

1         THE COURT: Okay, thank you. And I understand,
2    Mr. Rasberry, that you do not own, either in your own name
3    or jointly with anyone else, either any real estate or any
4    motor vehicles or any bank account either at a bank or
5    credit union; is that correct? Is it correct?
6         THE DEFENDANT: Yes, correct, I don't own.
7         THE COURT: Okay. Okay. Thank you. And other
8    than the jewelry that you have listed, and not including
9    your clothing and your household effects, you know, any
10   furniture you might have, or TVs and so on, let me just ask
11   the question: Do you have any other item of personal
12   property that you could sell that, No. 1, you could sell
13   immediately and, No. 2, would generate at least a thousand
14   dollars on selling?
15        THE DEFENDANT: No, I do not.
16        THE COURT: All right, thank you, sir. Then I do
17   find that the defendant, Todd Rasberry, is eligible for
18   court-appointed counsel, and I appoint Robert Levine,
19   Esquire, as his lawyer in this case. Thank you,
20   Mr. Levine --
21        MR. LEVINE: You're welcome.
22        THE COURT: -- for accepting the appointment.
23      Mr. Rasberry, I am going to indicate on the same form
24   we've been discussing, the financial declaration that you
25   signed, that your request for court-appointed counsel is

1 approved at this time and Robert Levine, Esquire, who is
2 standing next to you, will be your lawyer for all purposes
3 in this case, and he will defend your interests in this
4 case going forward.
5 Another right that you have, Mr. Rasberry, is the
6 right to trial and judgment and sentencing before a
7 district judge of this court. I am a magistrate judge of
8 this court. And you also have a right to trial by jury in
9 this court.
10 Another right that you have, because the charges
11 against you are contained in a criminal complaint in this
12 case and not in an indictment returned by the Grand Jury,
13 is the right to what is known as a preliminary hearing.
14 Sometimes also called a probable cause hearing.
15 A preliminary hearing, or probable cause hearing, is a
16 hearing that would be conducted before a judge of this
17 court, most likely before me, within no more than two weeks
18 if you are detained, as you are currently, no more than
19 three weeks if you are not detained; and the purpose of the
20 hearing is to determine if there is probable cause to
21 believe that you have committed the offenses with which you
22 have been charged.
23 At that hearing you would have the right, through
24 Mr. Levine, to cross-examine the evidence that the
25 Government would be required to produce. It is the

1 Government's burden to establish probable cause. And you
2 would also have the right, should you choose, through
3 Mr. Levine, to put on any additional evidence that you may
4 wish.
5 If the Grand Jury should return an indictment in this
6 matter prior to the con -- the conduct of the preliminary
7 hearing, then you would not have a right to the preliminary
8 hearing because the indictment by the Grand Jury is a
9 finding of probable cause. But otherwise you would -- do
10 have the right to the hearing.
11 You have the right to waive your right to the hearing;
12 but you should understand, before doing so, that by waiving
13 your right to the hearing not only would the hearing not
14 take place on probable cause but you would be agreeing, by
15 that waiver, to the existence of probable cause. So that's
16 a matter that you should discuss with Mr. Levine.
17 Mr. Levine, I understand that Mr. Rasberry wishes a
18 probable cause hearing at this time?
19 MR. LEVINE: Correct, Your Honor.
20 THE COURT: Okay, very well. And the parties
21 have been consulted and are available for a joint hearing
22 on Tuesday at 1:00; is that correct, Ms. Lipez?
23 MS. LIPEZ: That's correct, Your Honor.
24 THE COURT: And does that work for you as well,
25 Mr. Levine?

1          MR. LEVINE:  Yes, Your Honor.

2          THE COURT:  Okay.  So, Mr. Rasberry, we're going
3  to set you down for your probable cause hearing for next
4  Tuesday at 1:00.  I will explain in a moment it is going to
5  be a combined hearing meaning that it will also be a bail
6  hearing if you either waive your right to the probable
7  cause hearing or if I should find probable cause, so that
8  will also be scheduled at 1:00 on Tuesday.

9          And I will explain in a moment that Tuesday is the
10 first available date because the Government has asked for a
11 three-day continuance on a bail hearing which the law
12 provides, when the Government makes that request, must be
13 the granted.  So the earliest day we can set you down for
14 bail -- a bail hearing is Tuesday, and we'll do the -- the
15 preliminary hearing, the probable cause hearing, first.

16         That then brings me to the issue of bail.  And I will
17 now explain to you -- excuse me, before I do that, one
18 other matter that I need to inform you of, and that is,
19 Mr. Rasberry, if you were not a United States citizen one
20 right that you would have would be the right to have either
21 an attorney for the Government or any federal law
22 enforcement officer notify your country of nationality of
23 your arrest and the charges against you; and even if you
24 did not make such a request, an international treaty or
25 other international agreement may require such consular

1 notification.

2 All right. Let me now explain to you the legal
3 standard in federal court for bail or detention; and that
4 is, Mr. Rasberry, that you have the right, as do all
5 defendants in federal felony criminal cases, to be released
6 prior to trial either on your personal recognizance, which
7 simply means on your promise to appear in court whenever
8 you are required to do so, or upon your signing or
9 executing an appearance bond unsecured in an amount to be
10 determined by the Court provided that under either
11 circumstance, either PR release or bond release, you not
12 commit any crime federal, state or local during the period
13 of your release prior to trial.

14 If the Court, however, should determine that your
15 release prior to trial would not both reasonably assure
16 your appearance and also reasonably assure the safety of
17 any other person and the community, then you would not be
18 entitled to be released prior to trial.

19 In addition, if the Court finds that you are entitled
20 to be released prior to trial it will be with such
21 condition, or more likely combination of conditions, that
22 the Court determines are, on the one hand, least
23 restrictive to you but, on the other hand, needed to
24 reasonably assure your appearance and the safety of any
25 other person and the community.

1                You have a right to a hearing known in federal court
2        as a detention hearing, sometimes called a bail hearing;
3        and you would only be detained, in other words bail would
4        only be denied, if the Court should find after a hearing,
5        based on the evidence at the hearing, that there is no
6        condition or there are no conditions that can be imposed
7        upon you to reasonably assure appearance and safety of
8        others in the community.
9                If the Court finds that such conditions are available,
10       you will be released upon them.  If the Court find such
11       conditions are not available, then you would be detained
12       pending trial in this case.
13               In this case the Government has filed a motion seeking
14       your detention.  In its motion the Government is arguing to
15       this Court that this Court should detain you because the
16       Government says there are no conditions that would
17       reasonably appear either -- reasonably assure, excuse me,
18       either your appearance or the safety of any other person
19       and the community.
20               In addition, the Government has invoked a presumption
21       which it does exist under the law for certain types of
22       cases including cases involving drugs.  That legal
23       presumption is that no conditions exist for release;
24       however, it is a rebuttable presumption meaning, as
25       Mr. Levine can explain to you very well, that as long as

1    some evidence is presented by the defense for release the
2    Court will go forward with the hearing on bail.  However,
3    the presumption will remain in the case as one factor,
4    among many factors, for the Court to consider when it makes
5    its ultimate decision on detention or bail.
6         In addition, as I mentioned a moment ago,
7    Mr. Rasberry, the Government has requested a three-day
8    continuance for the bail hearing.  The Government almost
9    always does that.  The law requires this Court to grant
10   that when the request is made.  It is three business days.
11   Today is Thursday.  That means that Tuesday would be the
12   first available date for bail.  So, again, we'll schedule
13   you for a combined hearing on Tuesday.  First the
14   preliminary hearing on probable cause.  If you waive that
15   hearing, then that's an agree -- an admission on your part
16   that there is probable cause, we'll go directly to a bail
17   hearing.  If you do not waive your right, and it is your
18   absolute right to have the hearing, then we'll have that
19   hearing first.  If the Court finds there is no probable
20   cause, then that -- this -- the complaint will be dismissed
21   and that's the end of the matter.  If the Court finds that
22   there is probable cause, we will go on immediately to your
23   bail hearing.
24        Okay?  Anything that I have left out, Ms. Lipez?
25             MS. LIPEZ:  No, Your Honor.

15

1 THE COURT: Okay. And I will enter an order of
2 temporary detention temporarily detaining Mr. Rasberry
3 between now and Tuesday.
4 Anything I have left out, Mr. Levine?
5 MR. LEVINE: No, Your Honor.
6 THE COURT: Okay. Thanks very much. In recess.
7 (End Of Proceeding.)

## **C E R T I F I C A T I O N**

I, Tammy L. Martell, Registered Professional Reporter, Certified Realtime Reporter, and Official Court Reporter for the United States District Court, District of Maine, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

Dated: February 7, 2017

                        /s/ Tammy L. Martell

                        Official Court Reporter