1

UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

_____

UNITED STATES OF AMERICA,      CRIMINAL ACTION

             Plaintiff,      Docket No:   15-cr-127-JDL

  -versus-

TODD RASBERRY,

             Defendant.

_____


Transcript of Proceedings

    Pursuant to notice, the above-entitled matter came on for **Arraignment And Detention Hearing** held before **THE HONORABLE JOHN H. RICH III**, United States Magistrate Judge, in the United States District Court, Edward T. Gignoux Courthouse, 156 Federal Street, Portland, Maine, on the 21st day of July, 2015, at 1:37 p.m. as follows:


Appearances:

For the Government:     Julia M. Lipez, Esquire
                          Assistant United States Attorney

For the Defendant:      Robert A. Levine, Esquire

      For the Record Operator:    Nicholas Gordon


Tammy L. Martell, RPR, CRR
Official Court Reporter


(Prepared from FTR and computer-aided transcription.)

1                    (Open Court.  Defendant Present.)

2              THE COURT:  Good afternoon again, counsel.

3              MS. LIPEZ:  Good afternoon, Your Honor.

4              MR. LEVINE:  Good afternoon, Your Honor.

5              THE COURT:  For the record, Ms. Lipez, please

6    call the Government's next matter.

7              MS. LIPEZ:  This is United States versus Todd

8    Rasberry.  Case No. 15-cr-127 before the Court for an

9    arraignment and detention hearing.  Julia Lipez appearing

10   for the United States.  The defendant is in the courtroom

11   along with Attorney Robert Levine.

12             THE COURT:  Thank you, Ms. Lipez.  And good

13   afternoon, Mr. Levine.

14             MR. LEVINE:  Good afternoon, Your Honor.

15             THE COURT:  The record should reflect that we are

16   getting started quite late this afternoon.  This matter

17   having been scheduled for 1:00, it is now a little after

18   1:30, because we did have a conference with counsel, at my

19   request, in chambers to discuss both the Government's

20   pending motion for detention and also an anticipated

21   motion, either written or perhaps verbal, for limited

22   temporary release that is being considered by the defense.

23        Also, the matter this afternoon will -- had originally

24   been scheduled, as counsel know, for a probable cause

25   hearing; but the Grand Jury has returned an indictment this

1     morning, and so as indicated by Government counsel we are
2     scheduled at this time for an arraignment.
3         Why don't we do this, before we turn to the issue of
4     detention or 3142 temporary limited release for the
5     St. Francis program, why don't we, unless counsel have
6     objection, proceed with the arraignment of Mr. Rasberry.
7         The Government have any objection to doing the
8     arraignment first?
9             MS. LIPEZ:  No, Your Honor.
10            THE COURT:  Any objection, Mr. Levine?
11            MR. LEVINE:  No, Your Honor.
12            THE COURT:  Very well.  And Mr. Rasberry has had
13    his initial appearance so.
14        All right, Mr. Rasberry, let me explain to you what's
15    going on.  Mr. Rasberry, you will recall that the last time
16    that you were in front of me I scheduled you for two
17    matters today.  The first was for a probable cause hearing,
18    sometimes called more formally a preliminary hearing, which
19    everyone who is charged in a criminal complaint is entitled
20    to to determine if there is probable cause to believe that
21    that individual has committed the charge or the charges
22    that have been made against them; however, this morning the
23    Grand Jury did return an indictment in your case and in
24    this circuit, which is the First Circuit.  Maine is part of
25    the First Circuit.

The return of an indictment by the Grand Jury is a finding of probable cause; therefore, you do not have the right any longer to a preliminary hearing; but you do have the right, as part of the Grand Jury indictment, to be arraigned, so we're now going to schedule you for an arraignment at this time.

That simply means that I will take your plea in connection with the charges against you.  It is not the purpose of the arraignment to attempt in any way to determine your guilt or your innocence in connection with those charges.  That determination of guilt or innocence, of course, is a matter that would be reserved for trial.

The Grand Jury indictment has returned, or contains I should say, two counts against you.  In Count 1 you are charged with possession with intent to distribute cocaine in violation of Section 841(a)(1) of Title 21, and in Count 2 you are charged with possession with intent to distribute heroin in violation of the same section of the same title.

The penalties that you face in connection with the charges against you, Mr. Rasberry, should you be convicted of one or both of them, as to each count would be a term of imprisonment of up to 20 years, a fine of up to $1 million, or both, and a term of supervised release as to each count of at least three years and not more than life.

Also, should there be a violation of supervised

1  release in the future, then the maximum term of
2  imprisonment that you would face as to each count for such
3  a violation would be two years, and the maximum additional
4  term of supervised release that you would face would be
5  life less any period of imprisonment that might be imposed
6  by the Court upon revocation of supervised release for the
7  violation if a violation is determined to have occurred.
8           Finally, Mr. Rasberry, should you be convicted of one
9  or both of the counts against you, there would be a special
10 felony assessment of $100 per count or a maximum of $200 in
11 this case since, again, as I indicated, the indictment
12 contains two counts against you.
13          All right.  We'll proceed with your arraignment.
14          Counsel prepared to proceed at this time for the
15 Government, Ms. Lipez?
16                MS. LIPEZ:  Yes, Your Honor.
17                THE COURT:  For the defense, Mr. Levine?
18                MR. LEVINE:  Yes, Your Honor.
19                THE COURT:  Okay, Mr. Rasberry, we'll proceed
20 with your arraignment beginning with my asking are you Todd
21 Rasberry, the individual named in the indictment as the
22 defendant?
23                THE DEFENDANT:  Yes, sir.
24                THE COURT:  Thank you, sir.  And do you authorize
25 your attorney, Robert Levine, Esquire, standing next to

1    you, to speak and act for you in this matter?
2             THE DEFENDANT:  Yes, sir.
3             THE COURT:  Thank you, sir.  Mr. Levine, you
4    have -- maybe I didn't ask you.  You have reviewed the
5    indictment with Mr. Rasberry?
6             MR. LEVINE:  I have, Your Honor.
7             THE COURT:  All right.  Thank you.  Are you
8    satisfied that he understands both the charges against him
9    contained in the indictment together with the minimum
10   penalties having referenced the terms of supervised release
11   that this Court must impose and the maximum penalties that
12   this Court may impose should he be convicted of the
13   offenses with which he has been charged?
14            MR. LEVINE:  Yes, Your Honor.
15            THE COURT:  And is he prepared to plead at this
16   time?
17            MR. LEVINE:  He is.
18            THE COURT:  Does he waive a full reading?
19            MR. LEVINE:  Yes.
20            THE COURT:  Thank you.  The clerk may proceed.
21            THE CLERK:  Todd Rasberry, you are charged with a
22   two count indictment bearing Criminal No. 15-127-JDL.  How
23   do you plead to the charges contained in Counts 1 and 2 of
24   the indictment, guilty or not guilty?
25            THE DEFENDANT:  Not guilty.

1        THE CLERK:  The defendant pleads not guilty.
2        THE COURT:  The defendant's plea of not guilty is
3   accepted and the matter is continued.  Thank you,
4   Mr. Rasberry, you can be seated.
5        Counsel, I do have with me at the bench a proposed
6   procedural order, it is the Court's standard order,
7   requiring the parties to meet and confer within five days
8   of today on all discovery and pretrial production matters
9   setting a deadline for any pretrial motions for the
10  customary two weeks from today which would be Tuesday,
11  August 4th, and scheduling this matter to -- for trial to
12  commence before Judge Levy on -- on his September list; and
13  I think, as counsel know, the jury or juries in the
14  September cases will be picked on the last day of August,
15  Monday, August 31st.
16       For the Government any immediate difficulties with
17  those dates?
18       MS. LIPEZ:  No, Your Honor.
19       THE COURT:  Thanks.  For the defense any
20  immediate difficulties?
21       MR. LEVINE:  No, Your Honor.
22       THE COURT:  All right.  Thanks, counsel, then I
23  will go ahead and enter the procedural order.  All right.
24  That completes Mr. Rasberry's arraignment.  That then
25  brings us to the issue of detention.  And we did take some

1  time in my chambers to discuss both the pending motion,
2  which was what was scheduled for hearing this afternoon,
3  and also, Mr. Levine, your more recent contemplation of a
4  motion for limited temporary release for Mr. Rasberry in
5  this case.
6      Before we get to that, let me get on the record the
7  parties' confirmation of receipt of the bail report in this
8  case.  First for the Government, Ms. Lipez, have you
9  received a copy of the pretrial services report dated
10 yesterday, July 20th, prepared by Officer Graf in this
11 matter?
12         MS. LIPEZ:  Yes, Your Honor, I have.
13         THE COURT:  And is there anything the Government
14 wants to put on the record pertaining to the bail report?
15         MS. LIPEZ:  No, Your Honor.
16         THE COURT:  Thank you.  And the same questions
17 for you, Mr. Levine, have you received a copy of the
18 report?
19         MR. LEVINE:  Yes, Your Honor.
20         THE COURT:  Have you had a chance to review the
21 report with Mr. Rasberry?
22         MR. LEVINE:  I have.
23         THE COURT:  Anything the defense wants to put on
24 the record pertaining to the report?
25         MR. LEVINE:  No.

1   THE COURT: All right. Very well. Then the
2   record will reflect that both sides do have a copy of the
3   bail report. Of course, as both sides know, and as we
4   discussed in chambers, the recommendation from the United
5   States Probation and Pretrial Services office is that
6   Mr. Rasberry be detained. The Government's motion is
7   pending. I am happy to proceed however counsel want; but
8   unless you interrupt me and indicate otherwise, I think
9   maybe the first question to ask is for the defendant,
10  Mr. Levine, what is Mr. Rasberry's position with regard to
11  the Government's pending motion for detention?
12   MR. LEVINE: We don't object to the motion. We
13  do intend to file a motion for limited temporary de --
14  release to the custody of the inpatient treatment program.
15  I am going to prepare that written motion, together with
16  attachments, for the Court's consideration; and if the
17  pleasure of the Court is to hold a hearing at a later date
18  on that, I will certainly be happy to.
19   THE COURT: If you ask for a hearing, I will give
20  you one.
21   MR. LEVINE: Okay.
22   THE COURT: And I understand the -- I understand
23  the program would be St. Francis?
24   MR. LEVINE: It will be, Judge; and, as we
25  discussed, we had an original transport date, an original

1     screening date, for Monday.
2             THE COURT:  Right.
3             MR. LEVINE:  It looks like that's not feasible at
4     this point.  We had other dates --
5             THE COURT:  Well, I think just because of the
6     briefing, you know.
7             MR. LEVINE:  Oh, I understand.  And I am not
8     complaining about that.  I am just saying --
9             THE COURT:  Right.
10            MR. LEVINE:  -- that they do have other dates in
11    the future; and -- and what I intend to do is to schedule
12    out a date probably into September so that if the Court
13    decides that he be transported and then released if a bed
14    is available, then that will give us time to make that
15    argument and make that -- have that hearing.
16            THE COURT:  Right.  So let me just say -- we
17    discussed this in chambers, but now that we're on the
18    record let me just articulate on the record what I would be
19    most interested in hearing about.  Obviously unless the
20    Government or probation -- and/or probation have a change
21    of position, if the Court released Mr. Rasberry on a
22    temporary limited release to the St. Francis program,
23    assuming it continues to be St. Francis, it will be over
24    the objection of the probation office and the Government;
25    and so what I would be most -- what I am most interested

1      in, as I indicated in chambers, is a couple of things.
2          First, the security involved both in Mr. Rasberry's
3      transport for his intake interview, because that presumably
4      would have to happen first in order to get him admitted;
5      and also, secondly, and I think it is a separate matter,
6      the security or perhaps -- I don't want to say lack
7      thereof, but, you know, the level of security, whatever it
8      might be, that would exist at the program if Mr. Rasberry
9      is admitted into what I understand is a -- would be a
10     45-day program at St. Francis; and then, thirdly, I am
11     interested in knowing about the benefits.
12         We discussed in some detail in chambers the fact it
13     would appear from the bail report at least that
14     Mr. Rasberry -- I don't want to use the word only, but that
15     the -- has only, I will use that word, admitted to
16     marijuana and alcohol use.
17         I do understand from the bail report that he has been
18     admitted twice in inpatient programs, but I will be
19     interested as a third issue to hear more about what the
20     defendant believes would be the -- the benefit.
21         And I would like the briefing expedited without, you
22     know, crashing peoples vacation schedules and that sort of
23     thing.  And I will give you an opportunity if you wish to
24     have it, you can waive it if you want; but I will give you
25     the last word on the briefs if you -- if you want,

1     Mr. Levine, or if you want to just go right to hearing we
2     can go right to hearing.
3          I don't want to hang up Mr. Rasberry any longer than
4     necessary; but I think it is important, where there is
5     objection, that the Court has a pretty good idea of the
6     detail because it is going to depend on the detail, it is
7     going to depend on what Mr. Rasberry stands to benefit by
8     going into the program.  Perhaps to the extent that the
9     Court can be given some information about what, you know,
10    he benefited in the prior programs that can be listed.
11         As you know, the bail report indicates that he did
12    not -- did not successfully complete at least one of the
13    treatment programs.  I don't know if that's accurate or not
14    accurate, but that's an issue, as we discussed in chambers;
15    and also obviously in terms of flight and danger, you know,
16    what -- what the pros and cons are so the Court can
17    determine those.
18         All right.  Well, let me -- let's back up a second
19    then.  So with regard to the Government's motion for
20    detention your understanding, Mr. Levine, with the
21    understanding that on Mr. Rasberry's behalf you will be
22    filing a motion for temporary release to St. -- the
23    St. Francis program, your understanding is that your client
24    waives his right to a hearing today on the Government's
25    motion for detention; is that right?

1         MR. LEVINE:  Correct.

2         THE COURT:  Meaning that he would -- he agrees to
3    being detained pending trial in this case absent a change
4    in circumstances; is that your understanding?

5         Okay.  Mr. Rasberry, if you don't mind standing again,
6    please, sir.  Mr. Rasberry, the second matter that you're
7    -- you are scheduled for this afternoon is the Government's
8    motion for detention.  As you know, it was scheduled for a
9    hearing in that regard, and Mr. Levine has just indicated
10   to me that although he intends to file on your behalf a
11   motion for temporary release to the St. Francis inpatient
12   program, with regard to the Government's motion to detain
13   you pending trial in this case that he understands you do
14   not object to that understanding that you would be filing a
15   motion for a temporary release from detention.

16        Is that, in fact, your position?

17        THE DEFENDANT:  Yes, sir.

18        THE COURT:  And have you had enough time to speak
19   to Mr. Levine about that?

20        THE DEFENDANT:  Yes, sir.

21        THE COURT:  To the extent you had any question or
22   questions, was Mr. Levine able to answer your questions to
23   your satisfaction?

24        THE DEFENDANT:  Yes, sir.

25        THE COURT:  Okay.  Anybody putting any pressure

1 on you, Mr. Rasberry, or attempting in any way to force you
2 against your will to waive your right to the hearing on the
3 Government's motion for detention?
4 　　　　　THE DEFENDANT: No, sir.
5 　　　　　THE COURT: Okay. And you understand you have an
6 absolute right to that hearing?
7 　　　　　THE DEFENDANT: Yes, sir.
8 　　　　　THE COURT: Okay. And that by waiving your right
9 to the hearing you would be agreeing to being detained
10 except for the temporary release and except for any change
11 in circumstance. The law does provide, for anyone who is
12 detained, that if there is a change in that individual's
13 circumstance they can come back into court and ask for
14 another hearing, but except for those two things you would
15 be agreeing to being detained pending trial; do you
16 understand that?
17 　　　　　THE DEFENDANT: Yes, sir.
18 　　　　　THE COURT: All right. Thank you, sir. Very
19 well. Then I do find that the Defendant Todd Rasberry's
20 waiver of his right to a hearing on the Government's motion
21 for detention is knowing, voluntary and intelligently made
22 so I will go ahead and accept the waiver. I will enter an
23 order of detention detaining Mr. Rasberry between now and
24 the date of trial. That will tee up the motion for limited
25 release, and you can get that in whenever you are ready.

1    And in terms of -- I mean do you want to set a
2    briefing schedule now?  Do you want to -- like I said,
3    pressure is a little bit on both of you; but I am looking
4    especially at you, Ms. Lipez, because once Mr. Levine gets
5    his motion in I would like to get a response from the
6    Government obviously in less than the 21 days that would
7    otherwise be afforded.
8             MS. LIPEZ:  Could I have a week, Your Honor?
9             MR. LEVINE:  That's fine.
10            THE COURT:  Okay.  All right.  Very well.  That's
11   great.  So get your order in.  When you get it in,
12   Mr. Levine, the Government will have a week.  And then on
13   the reply, you know, you will have every incentive to move
14   on that, obviously.  Either waive your right to a reply
15   and -- and give me an indication on what you file when you
16   indicate whether you are going to file a reply or not, and
17   when you are going to file it, whether you want a hearing
18   or not; but -- I guess I should have heard from the
19   Government, but -- you want to be heard on the ruling that
20   I already made that I am going to give him --
21            MS. LIPEZ:  No, Your Honor, that's fine.
22            THE COURT:  Okay.
23            MR. LEVINE:  I think I may just waive the reply
24   and ask for a hearing at this point, Your Honor.
25            THE COURT:  Sounds good.  All right.  Anything

```
                                                                    16
 1     else?
 2              MS. LIPEZ:  No, Your Honor.
 3              THE COURT:  Anything else?  Okay.  Thanks.
 4                      (End Of Proceeding.)
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

# **C E R T I F I C A T I O N**

I, Tammy L. Martell, Registered Professional Reporter, Certified Realtime Reporter, and Official Court Reporter for the United States District Court, District of Maine, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

Dated: February 7, 2017

/s/ Tammy L. Martell

Official Court Reporter

.