<pre>
 1                  UNITED STATES DISTRICT COURT

 2                     DISTRICT OF MAINE

 3      _____

 4   UNITED STATES OF AMERICA,        CRIMINAL ACTION

 5            Plaintiff        Docket No:  2:15-127-JDL

 6

 7        -versus-

 8

 9   TODD RASBERRY,

10            Defendant
        _____

11                  Transcript of Proceedings

12

13   Pursuant to notice, the above-entitled matter came on
     for **Presence Conference** held before **THE HONORABLE**
14   **JON D. LEVY,** United States District Court Judge, in the
     United States District Court, Edward T. Gignoux
15   Courthouse, 156 Federal Street, Portland, Maine, on the
     6th day of October 2016 at 9:00 a.m. as follows:

16

17   Appearances:

18   For the Government:  Jamie R. Guerrette, Esquire
                          Assistant United States Attorney
19
     For the Defendant:  William Maselli, Esquire
20
     Also Present:  Dee Mosley, U.S. Probation
21

22                  Lori D. Dunbar, RMR, CRR
                    Official Court Reporter
23
                  (Prepared from manual stenography and
24                   computer aided transcription)

25
</pre>

1                    (Chambers conference)

2          THE COURT:  We are gathering in the case of

3   United States versus Todd Rasberry.  This is Docket

4   15-CR-127.  Counsel, would you please note your

5   appearances for our record?

6          MR. GUERRETTE:  Jamie Guerrette for the United

7   States, Your Honor.

8          MR. MASELLI:  William Maselli for

9   Mr. Rasberry, Your Honor.

10          THE COURT:  All right.  And the record will

11   reflect that Dee Mosley, our probation officer, is here

12   as well.  We're here for a presentence conference.  And

13   let's begin with the addendum to the presentence

14   report, which notes the objections.  And as I

15   understand, the Government's objections have been

16   resolved in the revised presentence report; is that

17   correct?

18          MR. GUERRETTE:  Yes, Your Honor.

19          THE COURT:  Okay.  So that gets us to the

20   defendant's objections.  And let's begin with objection

21   No. 1.  And as I understand, Attorney Maselli, you're

22   basically objecting to all of the paragraphs that

23   relate to drug quantity; is that correct?

24          MR. MASELLI:  That's correct, Your Honor.

25          THE COURT:  What is your position as to what

1  drug quantity is in this case?

2       MR. MASELLI:  Our baseline position is that it

3  should be limited to the drugs that were seized from

4  his person at his arrest and that there's insufficient

5  evidence to establish anything else.

6       Just so the Court knows, the Government and

7  ourselves are negotiating about stipulations to present

8  to the Court relating to all the outstanding issues.

9  And if we get there then we're not going to have any of

10  these to litigate.  And if we don't we're going to have

11  them all.  So it's kind of a -- well, I don't know

12  about all, I mean, I think we've agreed on one, so I

13  don't know if that one will hold up if nothing else is

14  agreed to.  But we're hoping that we can reach an

15  agreement.

16       THE COURT:  That's encouraging.  And if in the

17  off chance it doesn't occur, Jamie, is your evidence --

18  what is your evidence going to consist of on these

19  points?  Is it mostly grand jury testimony or what?

20       MR. GUERRETTE:  There are a series of

21  proffers.  There's some grand jury testimony in the

22  case that's been produced under a protective order and

23  possibly witnesses as well, if needed.

24       THE COURT:  Let's talk about that.  If

25  witnesses are needed, how many and how much time would

1    that require?

2            MR. GUERRETTE:  It would probably be two, Your

3    Honor, and we've discussed possibly blocking out three

4    hours at the most for such a hearing.

5            THE COURT:  Okay.  And so you're confident

6    that if there is dispute on drug quantity it will not

7    be sufficient to rest on grand jury testimony; is that

8    right?

9            MR. GUERRETTE:  I don't want to make that

10   conclusion just yet, Your Honor.  That's something I

11   would discuss in house with others who have experience

12   in these types of proceedings.  I've never done one of

13   these sentencings where it's been in dispute.

14           THE COURT:  All right.  If the issue remains

15   in dispute what I would like, unless there's an

16   objection, is for the Government and for the defendant,

17   for that matter, to submit any documentary evidence

18   well in advance.  I'd want to read the grand jury

19   transcripts before the hearing, as well as any other

20   written exhibits.  I take it that wouldn't be a problem

21   for either side?

22           MR. GUERRETTE:  No, Your Honor.

23           MR. MASELLI:  No, Your Honor.

24           THE COURT:  All right.  So we'll set up a

25   schedule that will allow for that.  And you would also,

1  then, advise us in your written submission whether the

2  Government's going to also be presenting witnesses or

3  not.

4          MR. GUERRETTE:   Okay.

5          THE COURT:   Objection 2 relates to the role

6  enhancement, the total offense level, which must also

7  be affected by the drug quantity issue, and then,

8  therefore, the resultant guideline imprisonment range.

9  What is -- what is Mr. Rasberry's position about his

10  role in this operation?

11          MR. MASELLI:   We're -- we've discussed with

12  the Government the possibility of a stipulation to a

13  two-level increase rather than a four.   And so we're --

14  we're both in agreement upon that.   It's just a

15  question of do we -- I haven't heard from the

16  Government whether they're willing to present that to

17  the Court if there's not stipulations on other issues.

18  So -- but that's -- we're agreeing to a two but not a

19  four or a three.

20          THE COURT:   If the Government has to go

21  forward with proof on this issue --

22          MR. GUERRETTE:   It would be the same proof as

23  drug quantity, Your Honor.

24          THE COURT:   Okay.   And then the next is the

25  criminal history paragraphs.   And where do we stand --

1    Dee had mentioned to me that the -- that the

2    Government, rather, is in the process of collecting

3    some additional information on some of these

4    convictions; is that right?

5         MR. GUERRETTE:  We're trying to, yes.

6         THE COURT:  So where do you stand on that?

7    Just give me a sense as to how far along you are.

8         MR. GUERRETTE:  We've received certified

9    records, certificates of disposition from courts in New

10   York.  I'm waiting to get all of those before I go

11   ahead and produce those to counsel and probation.  I'm

12   also trying to get police reports underlying those

13   convictions, Your Honor.  That's a little more

14   difficult.

15        THE COURT:  All right.  So there's a fair

16   amount of work that's in progress relative to this

17   sentencing.

18        MR. GUERRETTE:  Yes, sir.

19        THE COURT:  It sounds like you probably should

20   have more time than we usually provide between this

21   conference and when the sentencing is.  How much time

22   is it going to take for you to be in a position to

23   write your memo, starting with that?

24        MR. GUERRETTE:  We had discussed possibly

25   scheduling for the end of November, Your Honor, and

1  that's the dates proposed and discussed are --

2         THE COURT:  You've already worked out the

3  dates?

4         THE CLERK:  We have, yeah.

5         THE COURT:  I always forget that that's taken

6  care of that before I even get here.

7         THE CLERK:  If we have enough time it does,

8  yes.

9         THE COURT:  All right, well, glad that you

10  worked that out.  Why don't you let me know what they

11  are, though.

12         THE CLERK:  Sure.  So we have a preliminary

13  date, setting aside three hours, on the 29th of

14  November from 1:00 to 4:00.

15         THE COURT:  Okay.

16         THE CLERK:  And then a second one-hour date

17  for the actual sentencing on December 2nd at 10:00 a.m.

18         THE COURT:  All right.  So will the Government

19  be in a position to file, if there's a dispute on these

20  issues, its documentary evidence two weeks beforehand?

21         MR. GUERRETTE:  Yes, sir.

22         THE CLERK:  That's the 15th of November.

23         THE COURT:  Right.  And that can be

24  accompanied by a memo, to the extent the Government

25  wants to submit a sentencing memo.  And then I'll have

1   the defendant respond a week later.  Bill, do you

2   anticipate any documentary evidence on drug quantity

3   issues?

4           MR. MASELLI:  No, Your Honor.

5           THE COURT:  Okay.  All right, so we talked

6   about witnesses in connection with the disputed facts.

7   How about witnesses in connection with sentencing?

8   Does either side anticipate any witnesses?

9           MR. GUERRETTE:  Not from the Government, Your

10  Honor, no.

11          MR. MASELLI:  I think we would have people

12  speaking, Your Honor, not people sworn.

13          THE COURT:  How many?

14          MR. MASELLI:  I'm hoping for four or five but

15  at least two.

16          THE COURT:  And so is an hour going to be

17  sufficient for the sentencing?

18          MR. MASELLI:  I think so.

19          THE COURT:  All right.  Are there any other

20  issues regarding the sentencing that we should address

21  today that will assist you?

22          MR. GUERRETTE:  Not from the Government, Your

23  Honor, no.

24          MR. MASELLI:  No, Your Honor.  Thank you very

25  much.

1          THE COURT:  And, Amy, you're all set on our

2     dates?

3          THE CLERK:  Yes.

4          THE COURT:  Dee, you're comfortable with this?

5          PROBATION OFFICER:  I'm comfortable with the

6     dates, yes, Your Honor.  But I just wanted to make note

7     that effective November 1 we have the new standard

8     conditions, and I wanted to be able to put the parties

9     on notice of those.

10          THE COURT:  Right.

11          PROBATION OFFICER:  So that will require

12     revising the report.

13          THE COURT:  Right.  The district has adopted

14     new standard conditions, so you'll get those.  Of

15     course, to the extent there's any objection, you'll

16     have the opportunity to raise that at sentencing, I'm

17     not going to anticipate that.  As far as the special

18     conditions that are proposed in the presentence report,

19     Bill, make sure of course to review these with

20     Mr. Rasberry ahead of time.  I'll be asking both you

21     and him whether you've done that and whether he

22     understands them and also of course whether there's any

23     objection to them.  I take it that there isn't?

24          MR. MASELLI:  No, there's not, but we really

25     haven't focused on them, to tell you the truth, so --

```
 1              THE COURT:  Okay.
 2              MR. MASELLI:  So we certainly will look at
 3    them carefully.
 4              THE COURT:  Great.  Well, thank you, everyone.
 5    Everyone have a great day.
 6              MR. GUERRETTE:  Thank you, Your Honor.
 7              MR. MASELLI:  Thank you very much, Your Honor.
 8              (Time noted:  9:09 a.m.)
 9              C E R T I F I C A T I O N
10    I, Lori D. Dunbar, Registered Merit Reporter, Certified
11    Realtime Reporter, and Official Court Reporter for the
12    United States District Court, District of Maine,
13    certify that the foregoing is a correct transcript from
14    the record of proceedings in the above-entitled matter.
15    Dated:  February 24, 2017
16              /s/ Lori D. Dunbar
17              Official Court Reporter
18
19
20
21
22
23
24
25
```