UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 2:15-cr-00127-JDL |
| | ) | |
| TODD RASBERRY | ) | |

**RECOMMENDED DECISION ON MOTION FOR REDUCTION OF SENTENCE**

Defendant Todd Rasberry moves, pursuant to 18 U.S.C. § 3582(c), for a reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines.[1] (Motion, ECF No. 148.) Following a guilty plea, Defendant was convicted of possession with intent to distribute heroin, 21 U.S.C. § 841(a)(1), (b)(1)(C). (Judgment, ECF No. 114 at 1.) The Court sentenced Defendant in December 2016 to a prison term of 138 months. (*Id.* at 2.)

At sentencing, the Court noted the parties had stipulated to a drug quantity of one to three kilograms. (Sentencing Tr., ECF No. 146 at 7.) The Statement of Reasons provides in pertinent part: "Based on quantity of 1 to 3 kilograms of heroin the base offense level is 30 pursuant to USSG §2D1.1(c)(5)." (Statement of Reasons, ECF No. 115 at 1.) The Court found a total offense level of 29, and a criminal history category of V, which yielded a sentencing guidelines range of 140 to 175 months. (Sentencing Tr. at 41-42.)

---

[1] Effective November 1, 2014, Amendment 782 to the United States Sentencing Guidelines "reduce[d] by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties, resulting in corresponding guideline ranges that include the mandatory minimum penalties." USSG, Supp. to App. C., Amendment 782, at 70, 73 (Nov. 1, 2016).

The 138-month sentence imposed was below the guidelines range. (*Id.* at 50; Statement of Reasons at 3.)

The base offense level of 30 that the Court determined at Defendant's December 2, 2016, sentencing was consistent with the relevant section (USSG § 2D1.1(c)(1)(5)) of the version of the sentencing guidelines that has been in effect after November 1, 2014, the effective date of Amendment 782. In other words, Defendant's base offense level at sentencing incorporated the reduction provided by Amendment 782.[2]

A sentence modification under 18 U.S.C. § 3582(c)(2) applies "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered . . . ." 18 U.S.C. § 3582(c)(2). Because Amendment 782 was effective before and at the time of Defendant's sentencing, and because the base offense level determined at sentencing was consistent with Amendment 782, Defendant is not entitled to section 3582 relief.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Defendant's 18 U.S.C. § 3582 motion for a sentence reduction (ECF No. 148).

---

[2] Defendant's Reply reflects that he believes that because Amendment 782 was not explicitly discussed at sentencing, he did not receive the benefit of the amendment. (Reply, ECF No. 155 at 7-8.) In fact, Defendant received the benefit of the two-level reduction in the base offense level afforded by Amendment 782; the Court determined the base offense level to be 30, pursuant to USSG § 2D1.1(c)(5), based on its finding of a drug quantity of one to three kilograms. (Statement of Reasons, ECF No. 115 at 1.) A base offense level of 30, based on a drug quantity of one to three kilograms of heroin, was pursuant to, and consistent with, the version of USSG § 2D1.1 that was in effect after Amendment 782 went into effect. Before Amendment 782 went into effect, the same quantity was assigned a base offense level of 32.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of August, 2017.