UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TODD RASBERRY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 2:15-cr-00127-JDL |
| | ) 2:18-cv-00506-JDL |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

# RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

In this action, Petitioner moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 170.) Following a conditional guilty plea, Petitioner was convicted of possession with intent to distribute heroin; the Court sentenced Petitioner to 138 months in prison. (Judgment, ECF No. 114.) The First Circuit upheld the sentence on appeal. *United States v. Rasberry*, 882 F.3d 241 (1st Cir. 2018), *cert denied*, 139 S. Ct. 591 (2018).

Petitioner alleges his counsel was ineffective because his trial and appellate attorneys failed to challenge the legality of the entry into the motel room where law enforcement officers detained him and found drugs on his person. (Motion at 1-2.) The Government has moved for dismissal of the motion. (Response, ECF No. 173.)

Following a review of the record, Petitioner's motion, and the Government's request for dismissal, I recommend that the Court grant the Government's request and dismiss Petitioner's motion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 15, 2015, in the area of a hotel in Portland, federal agents located a woman believed to be engaged in drug deliveries for Petitioner. (Order on Motion to Suppress at 1, ECF No. 45.) The woman told the agents that she rented a specific room in a specific motel in Scarborough, that she worked for Petitioner, and that Petitioner was currently in the motel room in Scarborough. (*Id.* at 1-2.) The woman consented in writing to the search of the motel room and gave the agents a key card to the room. (*Id.* at 2.)

Agents and local law enforcement arrived at the motel and tried unsuccessfully to open the door with the key card. (*Id.*) An agent knocked on the door and Petitioner opened it. (*Id.*) Agents and officers entered the room, handcuffed Petitioner and informed him that they had written consent to search the room and that Petitioner was being detained. (*Id.*) An officer briefly patted down around the area of Petitioner's back where his cuffed hands could reach. (*Id.*) After approximately twenty minutes, an agent told Petitioner that he was going to remove the handcuffs after the agent patted Petitioner down for weapons. (*Id.*) After the agent felt an object in Petitioner's shorts that appeared to be controlled substances, the agent arrested Petitioner. (*Id.* at 2-3.)

On July 21, 2015, a grand jury indicted Petitioner for one count of possession with intent to distribute cocaine and one count of possession with intent to distribute heroin. (Indictment, ECF No. 10.)[1] On July 23, 2015, Petitioner filed a motion to suppress the evidence police collected as a result of his detention in the motel room. (Motion to

---

[1] The government later filed a superseding indictment on October 21, 2015, adding one count of conspiracy to distribute heroin. (Superseding Indictment, ECF No. 39.)

Suppress, ECF No. 17.) Petitioner argued that the detention could not be justified under *Terry v. Ohio*, 392 U.S. 1 (1968), because Petitioner claimed the second pat down sought evidence of drugs, not concealed weapons, and because the use of handcuffs and the display of firearms exceeded a *Terry* stop and amounted to an arrest without probable cause. (*Id.* at 3-5.) After an evidentiary hearing, the Court denied the motion to suppress. (Order on Motion to Suppress, ECF No. 45.)

On June 15, 2016, Petitioner entered a conditional guilty plea as to Count Two, possession with intent to distribute heroin, reserving his right to appeal from the Court's order on the motion to suppress. (Conditional Plea, ECF No. 87; Minute Entry, ECF No. 88.) On December 12, 2016, the Court sentenced Petitioner to 138 months of imprisonment. (Judgment, ECF No. 114.) Petitioner appealed from the judgment; on February 14, 2018, the First Circuit Court of Appeals rejected Petitioner's arguments concerning the permissible scope of a *Terry* stop and the propriety of the second pat-down. *Rasberry*, 882 F.3d at 247 – 251.

On July 11, 2018, Petitioner filed a petition for a writ of certiorari to the United States Supreme Court. *Rasberry*, No. 18-5296, 139 S. Ct. 591 (2018). Petitioner sought review of the following question: "May the government circumvent a home occupant's consent by invoking *Terry v. Ohio* to search home and person without a warrant?" *Id.* On December 3, 2018, the Supreme Court denied Petitioner's request for a writ of certiorari. *Id.*

On December 19, 2018, Petitioner filed the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Motion, ECF No. 170.)

3

## II. DISCUSSION

### A. Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "Accordingly, a defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127-28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the

authority to consider procedural default *sua sponte*." *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the test because a failure to meet either prong will undermine the claim. *Id.* at 697.

If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the

files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

**B. Analysis**

Petitioner's contention that his trial and appellate counsel provided inadequate assistance fails because Petitioner cannot establish that counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

"[W]hen the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over . . . the premises . . . ." *United States v. Matlock*, 415 U.S. 164, 171 (1974). Here, law enforcement officers obtained the written consent of the co-occupant and the co-occupant voluntarily gave officers the key to the motel room. Petitioner, however, citing *Georgia v. Randolph*, 547 U.S. 103 (2006), maintains that because he was present at the motel room, his consent was necessary for a valid search.

Petitioner's argument is unavailing. In *Randolph*, the Supreme Court found that "a warrantless search of a shared dwelling for evidence over the express refusal of consent by a physically present resident cannot be justified as reasonable as to him on the basis of consent given to the police by another resident." *Randolph*, 547 U.S. at 120. In this case, the record establishes that Petitioner did not expressly refuse consent or object to the search. Petitioner's presence, without more, cannot reasonably be construed as an objection or an explicit refusal to consent. *United States v. Uscanga-Ramirez*, 475 F.3d 1024, 1028 (8th Cir. 2007) ("There is no evidence that [the defendant] expressly refused the officers' entry into the home at any time. Therefore, Randolph does not render the officers' entry into the home unreasonable") (internal citation omitted); *United States v. Lopez*, 547 F.3d 397, 400 (2d Cir. 2008) ("[The defendant] concedes that his live-in girlfriend voluntarily consented to the search of their bedroom and that [the defendant] did not object to the search"); *United States v. Cano*, 715 F. App'x 370, 372 (5th Cir. 2017) ("[T]here is no indication [the defendant], who was present at the time of the entry, expressly refused the officers' permission to enter the residence").

Even if Petitioner could persuade the Court that the *Randolph* rationale should not apply because Petitioner was the sole co-occupant present at the time of the search whereas in *Randolph* both co-occupants were present, Petitioner's argument fails. Such an argument would require counsel to argue for a modification of the principle articulated in *Randolph*. Absent "unusual circumstances," the failure to argue for a change or extension of the law does not constitute ineffective assistance. *See Powell v. United States*, 430 F.3d 490, 491 (1st Cir. 2005) ("Advocating changes in recent precedent may occasionally be

required of competent counsel, but it would take unusual circumstances"); *Allen v. United States*, 829 F.3d 965, 966 (8th Cir. 2016) ("[C]ounsel's failure to argue for an extension of the law to forbid the jury procedures in [Petitioner]'s case did not constitute ineffective assistance of counsel"); *United States v. Challoner*, 583 F.3d 745, 750 (10th Cir. 2009) ("[Petitioner]'s double jeopardy argument requires a non-obvious extension of currently existing law. While the argument may indeed be nonfrivolous, it is far from a dead-bang winner. In this case, then, we cannot say that it was objectively unreasonable for [Petitioner]'s appellate counsel to omit the issue in favor of what he considered stronger arguments") (internal quotations and citations omitted). Here, the only person who rented the motel room gave law enforcement written consent to enter the room, the person gave law enforcement the key to the room, and Petitioner was vague as to his status regarding the room.[2] The circumstances cannot reasonably be construed as "unusual" so as to require counsel to argue for a change or extension of *Randolph* as Petitioner suggests. Under the circumstances, counsel's decision to challenge the search of Petitioner based on *Terry* was reasonable.

---

[2] The record reflects a question as to the reasonableness of Petitioner's expectation of privacy and whether he would be considered a co-occupant of the motel room. "Fourth Amendment rights are personal, and a proponent of a motion to suppress must prove that the challenged governmental action infringed upon his own Fourth Amendment rights." *United States v. Kimball*, 25 F.3d 1, 5 (1st Cir. 1994). The undisputed evidence establishes that the motel room was rented by the person who consented to the search. When law enforcement asked whether Petitioner rented or was staying in the motel room, Petitioner said no. (Suppression Transcript 28:20 – 29:4.) Petitioner vaguely argues that he was "guested" in the room, but never alleges that he rented the motel room, was lodged in the motel room, or was an overnight guest of the renter. *See United States v. Bain*, 874 F.3d 1, 13 (1st Cir. 2017) ("In short, [the defendant]'s status as an overnight guest endowed him with *Katz*'s protection of a reasonable expectation of privacy in the unit") (citing *Minnesota v. Olson*, 495 U.S. 91, 96-97 (1990)).

Finally, Petitioner's suggestion that he did not have an opportunity to object to the search is unsupported by the record. The record reflects that although for safety reasons, law enforcement entered the motel room with guns drawn and handcuffed Petitioner,[3] the record contains no evidence that law enforcement limited or hindered Petitioner's ability to voice his objection to the search.

In sum, Petitioner cannot establish that counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255 and dismiss the motion. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[3] The First Circuit described law enforcement's actions as follows: "By entering the premises with guns drawn and immediately handcuffing [Petitioner], the officers acted responsibly to ensure their safety and the safety of others as their search of the premises took place." *United States v. Rasberry*, 882 F. 3d 241, 248 (1st Cir. 2018).

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of April 2019.