UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.                                            )<br>)<br>TODD RASBERRY,                      )<br>)<br>Defendant.                         ) | 2:15-cr-00127-JDL |

**ORDER ON MOTION FOR RECONSIDERATION**

On May 15, 2020, Todd Rasberry filed a motion for compassionate release pursuant to 18 U.S.C.A. § 3582(c)(1)(A)(i) (West 2020) based on the alleged risks he faces in federal custody due to the COVID-19 pandemic (ECF No. 189). On July 14, 2020, I issued an order denying Rasberry's motion. *See* Order on Motion for Compassionate Release (ECF No. 204). Rasberry filed a motion for reconsideration (ECF No. 205), which I denied on August 14, 2020 (ECF No. 206). On August 20, 2020, the Court received an additional filing from Rasberry, which is dated August 14, 2020, and is styled as an "addendum motion for compassionate release" (ECF No. 207).

In the new filing, Rasberry does not raise any issues that I did not address in my previous two orders. Instead, he asserts that his medical records do not accurately describe his lung scarring and that there are new cases of COVID-19 at the facility where he is currently incarcerated, FCI Danbury (ECF No. 207). I have previously addressed both of these contentions. When I denied Rasberry's motion for compassionate release, I noted that the medical evidence Rasberry had submitted

was sufficient to "suggest[] that Rasberry's lung tissue may be damaged or scarred" because of a prior injury but that this fact was insufficient to establish that Rasberry is at risk of severe illness from the virus (ECF No. 204 at 7). Furthermore, when I denied Rasberry's subsequent motion for reconsideration, I acknowledged Rasberry's contention that new cases of COVID-19 had broken out at FCI Danbury (ECF No. 206). I concluded, however, that Rasberry had provided no new evidence regarding his medical condition that might demonstrate that he is at a sufficiently heightened risk of severe illness from the virus to support a finding of "extraordinary and compelling reasons" pursuant to § 3582(c)(1)(A)(i).[1]

More importantly, however, when I addressed Rasberry's motion for compassionate release, I found that even if Rasberry had established extraordinary and compelling reasons, release would be inappropriate because of the seriousness of Rasberry's crime, his significant criminal history, the danger he poses to the public, and the need to provide Rasberry with rehabilitative treatment and vocational training (ECF No. 204 at 8-9). *See* 18 U.S.C.A. §§ 3553(a), 3582(c)(1)(A) (West 2020). I also determined that, although Rasberry has made promising steps towards rehabilitation, the time he has served to date is insufficient to satisfy those purposes

---

[1] As of September 8, 2020, according to the Bureau of Prisons, zero inmates and staff members at FCI Danbury are testing positive for COVID-19. *COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Sept. 8, 2020). Since the pandemic began, one inmate at FCI Danbury has died from the virus and eighty-five inmates and sixty-four staff members have recovered. *Id.* In his current motion, Rasberry asserts that the BOP's website is inaccurate, but the only evidence he cites to support this contention is an "Inmate Bulletin"—which I infer was posted at FCI Danbury—dated August 6, 2020, stating that an inmate at the prison had tested positive. ECF Nos. 207, 207-1. On August 10, the BOP's website was reporting that one inmate was currently testing positive. *See, e.g.*, *United States v. Braxton*, No. JKB-09-478, 2020 U.S. Dist. LEXIS 147379, at *9 (D. Md. Aug. 11, 2020). Rasberry's evidence, therefore, is not inconsistent with the statistics reported on the BOP's website.

(ECF No. 204 at 10). Neither Rasberry's motion for reconsideration (ECF No. 205) nor this new submission (ECF No. 207) provide any basis to reconsider this finding.

Because Rasberry filed his addendum after he had submitted his motion for reconsideration, *see* Loc. R. 147(a), I treat Rasberry's filing as a Motion for Reconsideration (ECF No. 207), which is hereby **DENIED**.

**SO ORDERED.**

Dated: September 8, 2020

/s/ JON D. LEVY
**CHIEF U.S. DISTRICT JUDGE**