UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) 2:15-cr-00127-JDL |
| | ) |
| TODD RASBERRY, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION**

In May 2020, Todd Rasberry filed a motion for compassionate release under 18 U.S.C.A. § 3582(c)(1)(A)(i) (West 2021) based on the alleged risks he faces in federal custody due to the COVID-19 pandemic (ECF No. 189). On July 14, 2020, I issued an order denying Rasberry's motion. *See* Order on Motion for Compassionate Release (ECF No. 204). Rasberry subsequently filed two motions for reconsideration, which did not raise any new issues or introduce new evidence and which, for those reasons, I denied.

On December 29, 2020, Rasberry again moved for reconsideration, asserting that there had been another outbreak of COVID-19 at the Bureau of Prisons (BOP) facility where he is incarcerated, FCI Danbury, and making new arguments about his medical condition (ECF No. 209). On February 9, 2021, Rasberry filed an amended motion for reconsideration through counsel (ECF No. 217). With Rasberry's informed consent, I conducted a hearing by videoconference on April 14, 2021 (ECF No. 226). For the following reasons, I deny the motion.

When I originally denied Rasberry's motion for compassionate release, I found that he had not established that he is at a heightened risk of contracting COVID-19 at FCI Danbury because, despite an early outbreak of the virus at that facility, the situation had improved by the time of my decision. I also determined that although there was some evidence suggesting that Rasberry's pulmonary and respiratory condition places him at a heightened risk of severe illness from COVID-19, the evidence was evenly split and Rasberry had not met his burden to establish extraordinary and compelling reasons for compassionate release. Finally, I concluded that even if Rasberry had established extraordinary and compelling reasons, the sentencing factors set forth in 18 U.S.C.A. § 3553(a) (West 2021) weighed against granting release.

Rasberry's current filings do not change this decision. Although Rasberry's recent medical records bring into greater focus certain details of his lung condition—which I addressed at some length in my prior order—the record as a whole remains evenly balanced on the question of whether Rasberry is at a heightened risk of severe illness from COVID-19. And the situation at FCI Danbury has not meaningfully changed since my prior order.[1] Thus, even with the new evidence, Rasberry has not carried his burden to establish extraordinary and compelling reasons supporting compassionate release.

---

[1] There are no staff members or inmates currently testing positive at FCI Danbury. *See* Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus ("COVID-19 Cases" section, follow "Full breakdown and additional details" hyperlink) (last visited Apr. 22, 2021). As of April 9, 2021, 336 inmates at FCI Danbury—out of about 780 total—had received a first dose of a vaccine, and another 212 had been offered a vaccine but declined. On April 19, 2021, Rasberry was offered the opportunity to receive a vaccine, but declined.

Nor has my assessment of the § 3553(a) sentencing factors changed since my prior order. Although Rasberry has now served nearly 60% of his sentence, after accounting for good time, he has also incurred two disciplinary infractions since December 2020. He committed the second infraction shortly after filing the instant motion for reconsideration, and while he was still under a prison sanction from the first violation. For these reasons as well as those stated in my prior order, the § 3553(a) sentencing factors do not support granting compassionate release.

For the foregoing reasons, Rasberry's motion for reconsideration (ECF No. 217) is **DENIED**.

**SO ORDERED.**

**Dated this 22nd day of April, 2021.**

_____/s/ JON D. LEVY_____  
**CHIEF U.S. DISTRICT JUDGE**